**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 13, 2016

LETTER TO COUNSEL

RE:   *Gerard H. McDonough v. Commissioner, Social Security Administration*;
      Civil No. SAG-15-1090

Dear Counsel:

On April 15, 2015, Plaintiff Gerard H. McDonough petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 18). In addition, I have reviewed the Commissioner's supplemental briefing regarding the Fourth Circuit's recent decisions in *Fox v. Colvin*, 632 Fed. App'x 750 (4th Cir. 2015), and *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).[1] (ECF No. 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

On May 31, 2011, Mr. McDonough protectively filed his claims for benefits, alleging a disability onset date of July 1, 2010. (Tr. 216-31). His claims were denied initially and on reconsideration. (Tr. 116-23, 125-30). After one continued hearing to allow Mr. McDonough to procure representation, a hearing was held on June 13, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 35-65). Following the hearing, the ALJ determined that Mr. McDonough was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 6-28). The Appeals Council denied Mr. McDonough's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. McDonough suffered from the severe impairments of chronic alcoholism in remission with a history of malnutrition, right eye blindness, and major depressive

---

[1] The parties were notified of the potentially relevant rulings in a letter order dated February 4, 2016. (ECF No. 19). The letter order provided the Commissioner thirty days to determine whether consent remand was required under *Fox* or *Mascio*, or whether she instead wished to file supplemental briefing addressing the issues. The Commissioner filed her supplemental brief on February 24, 2016. (ECF No. 20).

*Gerard H. McDonough v. Commissioner, Social Security Administration*
Civil No. SAG-15-1090
May 13, 2016
Page 2

disorder. (Tr. 11). Despite these impairments, the ALJ determined that Mr. McDonough retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following limitations: no climbing ladders, ropes or scaffolds; only occasional exposure to workplace hazards, such as dangerous moving machinery, but no exposure to unprotected heights; tasks can be completed with no depth perception on the right; and he can perform unskilled work at an SVP of 1 or 2 in a static work environment where changes in tasks are infrequent and explained when they do occur, and there are no more than simple work related decisions.

(Tr. 15-16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. McDonough could perform his past relevant work as a hand packer and other jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 20-22).

On appeal, Mr. McDonough challenges the ALJ's consideration of his visual impairments, particularly his peripheral vision loss. While that issue alone may not justify remand, I find that the ALJ's analysis was deficient under *Mascio*.[2] Accordingly, remand is appropriate. In so determining, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. McDonough was not entitled to benefits is correct or incorrect.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Each listing therein consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* §§

---

[2] I have also considered the ALJ's opinion under *Fox,* but concur with the Commissioner that there is no basis for remand relating to that case.

*Gerard H. McDonough v. Commissioner, Social Security Administration*
Civil No. SAG-15-1090
May 13, 2016
Page 3

404.1520a(c)(4), 416.920(a)(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in concentration, persistence, or pace.

In this case, the ALJ found:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. Claimant reported memory, concentration and focusing problems. However, he had no significant objective findings at his treating psychiatric visits (Exhibits 2F, 18F and 16F). Furthermore, at the November 2011 psychiatric examination, his immediate, delayed and long-term recall appeared intact, and his attention and concentration were adequate during the exam (Exhibit 3F). Furthermore, he obtained a perfect score on the mini-mental status examination, indicating no cognitive impairment (Exhibit 3F). Moreover, he reported he enjoyed reading, watching television, movies and sports, and doing puzzles, which would all require concentration (Exhibits 2F, 16F and 18F). Additionally, at the 2014 psychiatric consultative examination, he had normal concentration and he achieved low average to average IQ scores (Exhibit 22F). In addition, he reported he read about military history (Exhibit 22F).

(Tr. 15). Most of that paragraph in fact suggests mild or no, instead of moderate, limitations in concentration, persistence, or pace. The ALJ imposed no specific concentration-related limitations in the RFC assessment. (Tr. 15-16).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio,* 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that

"[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, as in *Mascio*, the ALJ did not explain how the restriction of Mr. McDonough's RFC to "unskilled work at an SVP of 1 or 2 in a static work environment where changes in tasks are infrequent and explained when they do occur, and there are no more than simple work related decisions" accounts for the finding of "moderate difficulties" in concentration, persistence, or pace. In fact, there is nothing in the ALJ's step three explanation to suggest why the ALJ found Mr. McDonough to have "moderate difficulties" in the first place, instead of mild or no difficulties. The limitations in the RFC assessment address stress more than the ability to sustain tasks. The ALJ assigned "great weight" to the opinions of the State agency consultative examiners, who also opined that Mr. McDonough had moderate limitations in concentration, persistence, or pace. (Tr. 19-20); *see also* (Tr. 73) (Dr. Dale's opinion that Mr. McDonough would be "moderately limited" in "the ability to maintain attention and concentration for extended periods" and in "the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods"); (Tr. 97) (Dr. Corner's opinion making the same findings). It is conceivable that the ALJ intended to find that Mr. McDonough only had issues with sustained concentration in stressful or complex situations but not in simple or routine situations, but that analysis, and the support for it, is not clear from the ALJ's opinion. Ultimately, then, the ALJ's analysis is simply insufficient to permit adequate review. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. McDonough to have moderate difficulties in concentration, persistence, and pace, what the basis for that belief would be, and whether there is support in the medical evidence for the fact that any such difficulties did not require further limitations in the RFC assessment. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

As noted above, Mr. McDonough also posits that the limitations in his peripheral vision would preclude him from performing the work identified by the VE. Since the case is being remanded on other grounds, on remand, the ALJ should also discuss her findings with respect to Mr. McDonough's peripheral vision and whether his visual limitations would affect his RFC or the specific jobs listed by the VE.

For the reasons set forth herein, Mr. McDonough's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

*Gerard H. McDonough v. Commissioner, Social Security Administration*
Civil No. SAG-15-1090
May 13, 2016
Page 5

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

        Sincerely yours,

        /s/

        Stephanie A. Gallagher
        United States Magistrate Judge